**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DENNY KOMBAITAN, | No. 13-71991 |
| Petitioner, | Agency No. A096-351-704 |
| v. | |
| LORETTA E. LYNCH, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015**

Before:     GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Denny Kombaitan, a native and citizen of Indonesia, petitions for review of

the Board of Immigration Appeals' ("BIA") order denying his motion to reopen

removal proceedings.  Our jurisdiction is governed by 8 U.S.C. § 1252.  We review

for abuse of discretion the BIA's denial of a motion to reopen, *Mohammed v.*

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

      **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

*Gonzales*, 400 F.3d 785, 791 (9th Cir. 2005), and we deny in part and dismiss in part the petition for review.

The BIA did not abuse its discretion in denying Kombaitan's motion to reopen as untimely, where it was filed seven years after the order of removal became final, *see* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2) (a motion to reopen must be filed within 90 days of the final order of removal), and Kombaitan has not established that any statutory or regulatory exception applies, *see* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(3).

Kombaitan has waived any challenge to the BIA's dispositive determination that he has not established the due diligence necessary to equitably toll the filing deadline. *See Avagyan v. Holder*, 646 F.3d 672, 679 (9th Cir. 2011) (the deadline for filing a motion to reopen can be equitably tolled "when a petitioner is prevented from filing because of deception, fraud, or error, as long as petitioner acts with due diligence" in discovering such circumstances).

To the extent Kombaitan contends his motion was timely as a motion to reconsider based on changes in law, we lack jurisdiction to review this contention because it was not raised before the BIA and is therefore unexhausted. *See Tijani v. Holder*, 628 F.3d 1071, 1080 (9th Cir. 2010) (the court lacks jurisdiction to

consider legal claims not presented in an alien's administrative proceedings before the BIA).

In light of this disposition, we do not reach Kombaitan's remaining contentions.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**